PEOPLE *v.* FORTUNA.

1. CRIMINAL LAW—CIRCUMSTANTIAL EVIDENCE—GUILT BEYOND REASONABLE DOUBT.

   Conviction of breaking and entering is affirmed where record in prosecution shows facts established by direct or circumstantial evidence which, together with reasonable inferences to be drawn from them, support a finding of guilt beyond a reasonable doubt and negate all reasonable theories consistent with defendant's innocence (CL 1948, § 750.110, as amended by PA 1964, No 133).

2. SAME—TRIAL—CHARGE TO JURY—OBJECTION.

   Defendant may not object on appeal to trial court charge to jury when he failed to object at trial and stated affirmatively his belief that instruction was adequate (GCR 1963, 516.2).

Appeal from Macomb, Spier (James E.), J. Submitted Division 2 May 10, 1968, at Lansing. (Docket No. 3,460.) Decided September 23, 1968.

Donald Lewis Fortuna was convicted of breaking and entering committed on April 25, 1965. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

Donald Lewis Fortuna, *in propria persona.*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 30 Am Jur 2d, Evidence §§ 1125, 1172.
[2] 5 Am Jur 2d, Appeal and Error §§ 623, 891.

Per Curiam. On leave granted, defendant appeals his jury conviction and sentence for violation of CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305). Defendant states the only question involved as: "Was the great weight of evidence as presented at the time of trial sufficient to convict beyond a reasonable doubt?", but in addition, he also attacks the charge of the trial court.

A review of the trial record reveals facts established by direct or circumstantial evidence which, together with the reasonable inferences to be drawn therefrom, support a finding of guilt beyond a reasonable doubt and negate all reasonable theories consistent with defendant's innocence. This complies with the test set forth in *People* v. *Spann* (1966), 3 Mich App 444.

At trial, defendant not only failed to object to the charge of the court as required by GCR 1963, 516.2, he stated affirmatively his belief that the instruction was adequate.

Affirmed.

Lesinski, C. J., and Quinn and Moody, JJ., concurred.